IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY L. JONES | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. AW-05-2112 |
| MARGARET CHIPPENDALE | * | |
| SALLY DAVIS | | |
|     Defendants. | * | |
| | *** | |

## **MEMORANDUM**

Gary Jones, a former Division of Correction ("DOC") inmate, filed this civil rights action for damages and miscellaneous relief, complaining that in November of 2004, the facility administrator and case management supervisor at the Jessup Pre-Release Unit ("JPRU") retaliated against him for filing administrative remedies by transferring him out of JPRU. Paper No. 1. He claims that he lost his job as a tutor and the award of pay and diminution credits that accompany the position.[1] (*Id.*).

On June 20, 2006, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which remains unopposed as of the within signature date. Paper No. 9. The Motion may be determined on the pleadings without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, Defendants' Motion, treated as a motion for summary judgment, is hereby granted.

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there clearly exist factual issues "that properly can be resolved only by a

---

[1] The case was filed on August 1, 2005, and placed on the inactive-unassigned docket due to the number of Plaintiff's active cases on the docket. It was reactivated and reassigned on March 13, 2006.


finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element...necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

Retaliation against an inmate for the exercise of a constitutional right states a claim under 42 U.S.C. § 1983. *See American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 784-86 (4th Cir. 1993). The inmate alleging retaliation "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial motivating fact in the prison officials' decision...."[2] *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). The

---

[2] "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d

Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

The following unrefuted facts are presented by Defendants with regard to Plaintiff's removal from JPRU in 2004. On November 29, 2004, Plaintiff was moved from JPRU to the Central Laundry Facility ("CLF") due to safety concerns. Apparently, inmates in Plaintiff's housing area believed him to be a snitch and Plaintiff "felt threatened." Paper No. 9, Exs. 2 & 2A. Soon after his arrival at CLF, Plaintiff informed staff that he saw inmate Timothy Melton, with whom he had problems and who had "family" gang members at both the Brockbridge Correctional Facility and CLF. *Id*., Exs. 3 & 3A. *Id*. Case management personnel noted a connection to the Black Guerilla Family gang and decided that Plaintiff could not be housed at any minimum security facility within the Maryland pre-release system. *Id*., Ex. 3. He was immediately transferred to the Eastern Correctional Institution Annex for his safety. *Id*.

Under the law in this circuit, Plaintiff was not exercising a constitutionally protected right when he filed his administrative remedies. He has therefore failed to set out a constitutional claim of retaliation.[3] Further, Plaintiff's removal from his position as a tutor and his transfer out of JPRU do not implicate a due process liberty interest. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court sought to focus attention on the nature of the

---

10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

[3] In any event, Plaintiff has failed to rebut Defendants' materials to prove that his removal from his job and JPRU occurred in retaliation for the filing of grievances. The evidence indicates that he was removed from JPRU and his position for safety reasons.

deprivation, stating that a liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U. S. at 484. Following the reasoning of the Supreme Court in *Sandin*, it appears that an inmate has no liberty interest in being assigned to a specific job or in being housed at a particular prison.[4] *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313 (2d Cir. 1996) (per curiam); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995); *see also Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Paoli v. Lally*, 812 F.2d 1489, 1492-93 (4th Cir. 1987). Plaintiff's transfer to CLF from JPRU and his removal from his job as a tutor are not atypical events in the ordinary day-to-day incidents of prison life and cannot be said to have imposed a significant hardship on him. Simply put, Plaintiff did not have a general due process right to retain his housing and job.

For the aforementioned reasons, Defendants' Motion for Summary Judgment shall be granted. A separate Order follows.


Date: July 21, 2006                                /s/
                                                   Alexander Williams
                                                   United States District Judge

---

[4] Prior to *Sandin*, this Circuit found that inmates did not have a constitutionally protected right to an institutional job or to remain in a particular job once assigned. *See Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978); *Bowring v. Godwin*, 551 F.2d 44, 48 n. 2 (4th Cir. 1977); *see also Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992).